# EXHIBIT G

# PHIL KLINKHARDT

5203 Golden Gate Drive • Killeen, TX 76549 • philklinkhardt@yahoo.com • 816.718.8971

March 30, 2018

Ms. Hilary L. Hoskins
Case Manager
FDIC
1100 Walnut Street
Suite 2100
Kansas City, Missouri 64106

Dear Ms. Hoskins and gentlemen:

Attached are the documents requested in your letter of March 23, 2018, requesting additional information to complete your non objection to Mrs. Hurry's purchase of 683.875 common shares of The Bank of Orrick.

**Please provide adequate proof of available funds that clearly states the account owner. Account verification documentation from the institution (apparently SunTrust) should include personally identifiable information (e.g. The Hurry Family Revocable Trust) to determine the source of funds for the acquisition.**

Attached are documents from Mr. Nummi clarifying the availability of funds to Mrs. Hurry personally to acquire the 683.875 common shares from the Clarks and the $[redacted] needed to fund the proposed equity injection. (See Exhibit A)

**Please provide a comprehensive list of Ms. Hurry's associations and affiliations, as well as the related trust documentation so we can adequately assess Ms. Hurry's business background, activities, and affiliations.**

We do not agree with your assumptions. An irrevocable trust's terms cannot be changed through the beneficiary's influence of the trustee's voting decisions. Establishing an irrevocable trust establishes extreme privacy as the only people who can ever be privy to the trust's existence are the original parties. Since other beneficiaries and co-trustees of these trusts will only agree to share trust documentation with contingent approval of the purchase of the Bank's shares, the irrevocable trust agreements are not available.

With an irrevocable trust, the law sees all properties in the trusts as no longer belonging to the original owners. An irrevocable trust is the most effective way to preserve anonymity to avoid public disclosure detailing grantor's assets and distribution plans. The courts cannot touch or even see the property even upon

the death of the donors. Since the courts are limited in its review of these documents, to extend greater authority to your agency seems counterintuitive to the intent of the irrevocable trusts' purposes. The trustee is required to act in the best interest of the trust beneficiaries. This duty of loyalty is known as fiduciary duty, and it places a very high (and legally enforceable) standard of care and expectations upon the trustee. To submit the trust documents to you is inconsistent with the trustee's fiduciary duty.

However, upon contingent non objection to Mrs. Hurry's purchase of Bank shares, the trusts will provide a list of all investments to the Bank's board of directors to avoid any possible Regulation O or Section 23A or B violations. Furthermore, Mrs. Hurry will advise the trusts of your concerns over possible violations of these regulations with related entities.

Your request appears to be based on merely an inquisitiveness of the terms of these irrevocable trusts which have no pertinence to her plans to purchase the Bank's shares personally. The irrevocable trusts earlier identified are not parties to the acquisition of any Bank shares. Your interpretation that a complete listing of each relationship to entities not under her control in irrevocable trusts in which she has identified she is merely a beneficiary appears to overreach your responsibility to not object to her purchase of Bank shares.

The trusts in question are neither material nor relevant in that Justine is willing to step down as trustee to those trusts at the time of acquisition of the bank stock, and that she lacks the power to have a controlling influence over the trusts as beneficiary. Therefore, the FDIC lacks the power under 12 USC 1817(j) to require her to provide the documentation relating to such trusts. She is certifying (subject to penalties under federal criminal statutes) that she does not own or control those trusts.

If, following her acquisition, the bank makes loans to any of the trusts or companies over which the trusts have control, the bank will be required to determine whether the loans are made to Justine or any related interest of hers. She will agree, as part of the conditions to approval of the change in control, to provide to the Bank a list of trusts and companies in which she has any financial interest, even just as a beneficiary, which the Bank can use to identify whether any such interests would trigger the requirements of Regulation O or Sections 23A or B of the Federal Reserve Act. She will also agree to provide timely updates to the list.

In that way, the Bank and the examiners will be able to determine whether any extension of credit made by the Bank to any company or trust in which Justine has any financial interest whatsoever constitutes a violation of Regulation O or Sections 23A or B.

Attached as Exhibit B is the irrevocable trust's counsel that the FDIC request is unreasonable and violates the rights to privacy afforded trusts.

Consequently, this request cannot be met in its entirety.

In summary, Mrs. Hurry is an experienced financial services company investor. She has sufficient cash available to fund the purchase and the subsequent equity injection. She is acquiring a majority interest in a floundering bank and injecting sufficient capital and committing to direct new business to the Bank to make it more profitable. She will be a passive investor; she will not be directly involved in managing the Bank. She will not serve as a member of the board or management.

This purchase also provides an exit plan for an ailing and weak Chairman and infuses experienced bankers along with to be determined community leaders to serve as directors.

The public notice of the change in control has been published in the Richmond News, a newspaper of general circulation in Ray County. The Affidavit of Publication is attached as Exhibit C.

We appreciate your review of this application based on its merits and not be denied based on technicalities relating to certain disclosures.

Sincerely,

*Phil Reinkhardt* (signature)

C: Jeff Maassens
Senior Bank Examiner
Missouri Division of Finance
PO Box 716
Jefferson City, Missouri 65102

David H. Baris
Partner
Buckley Sandler LLP
1250 24th Street NW, Suite 700
Washington, DC 20037

**Exhibit A**
**Proof of Funds**



A Professional Association – Founded in 2005

*Richard M. Nummi, Esq.*
*213 49th Avenue North, Suite 100*
*St. Petersburg, FL 33703*
*P: (813) 727-3673*
*F: (813) 435-2210*
*E: rnummi@mac.com*

Date: 3/29/18

Dear Mssrs. Klinkhardt and Jilovec:

The account referenced in our previous correspondence is a Florida Attorney IOTA Trust Account established at SunTrust pursuant to Rules promulgated by the Florida Bar and the Florida Supreme Court. Under the aforementioned Rules, funds belonging to an Attorney's Client may be placed in a special segregated account subject to audit and oversight by the Florida Bar and/or the Florida Supreme Court. As Managing Partner, I have sole and exclusive control over said account as Ms. Hurry's Attorney. I hereby certify that my client, Ms. Justine Hurry as Trustee for the Hurry Family Revocable Trust directed the deposit of the funds reflected upon our previously provided account statement into the Nummi & Associates, P.A. Florida Attorney IOTA Trust Account maintained at Suntrust Bank. These funds are appropriately segregated as required under the aforementioned Rules of the Florida Supreme Court and while maintained in a bona-fide Attorney Trust Account pursuant to her instructions, are for all intents and purposes, as our client, under her exclusive direction and control. Should she direct this Firm to transfer the aforementioned reflected balance, we would immediately comply and wire said funds to an account of her choice. Our client, Ms. Hurry, has maintained the amounts reflected in our Trust Account to segregate them from her general commercial banking accounts and for purposes of maintaining ready funding for ongoing business planning purposes.

Under the Rules promulgated by the Florida Bar and the Florida Supreme Court, and under penalties of perjury, I am officially certifying as a member of, and under control and oversight of same, that the funds reflected in the previously provided Nummi & Associates IOTA Trust Account Statement are maintained on behalf of our client Ms. Justine Hurry, they are unencumbered and are immediately available to her for any purpose she so directs.

Sincerely,

Richard M. Nummi, Esq.
Managing Partner

**Exhibit B
Trust's Attorney's Guidance**

**ATE LAW PLC**
AVIATION TAX & ESTATE PLANNING

Eric L. Johnson
PO Box 7563
Tempe, AZ 85281
Cell: 602.615.1713
Fax: 866.638.1940
ejohnson@arizonajohnson.com

March 29, 2018

Ms. Hilary L. Hoskins
Case Manager
FDIC
1100 Walnut Street
Suite 2100
Kansas City, MO 64106

Re: Disclosure Request of Trust Documents

Dear Ms. Hoskins:

I represent Justine Hurry in her capacity as Trustee of certain irrevocable trusts that I created during my representation of the grantor thereof. It is my understanding that the FDIC is requesting copies of the trust documents that established and govern such trusts.

The law regarding trust privacy is well established. Regarding trust privacy, Uniform Trust Code § 1013 (as amended) (discussing certification of trust) provides:

> "This section . . . is designed to protect the privacy of a trust instrument by discouraging requests from persons other than beneficiaries for complete copies of the instruments in order to verify a trustee's authority . . . While a testamentary trust, because it is created under a will, is a matter of public record, an inter vivos trust instrument is private. Such privacy is compromised, however, if the trust instrument is distributed to a third person."

I have advised my client not to disclose any trust documentation to third parties as such a request is unreasonable, violates the provisions of the trust agreement, violates a key intended purpose of the trust, and violates the intended rights of privacy afforded any inter vivos irrevocable trust.

Very truly yours,

Eric L. Johnson

cc: Justine Hurry

Aviation | Tax | Estate

**Exhibit C**
**Affidavit of Publication**

## AFFIDAVIT OF PUBLISHER OF LEGAL NOTICE
## STATE OF MISSOURI
## COUNTY OF RAY

JoEllen Black, being first duly sworn according to law, on her oath says, she is the publisher-printer of

**RICHMOND NEWS**

A daily newspaper, printed and published in the City of Richmond, in the County of Ray, the place and county where said publication is located; that it has been continuously admitted to the post-office as second class matter in the City of Richmond, the place of its publication; that it has been regularly and consecutively published for a period of three years preceding this date; that it has a list of bona fide subscribers, voluntarily engaged as such, who have paid or agreed to pay a stated price for a subscription for a definite period of time; and that the notice hereunto annexed was published in said paper for __1__ weeks successively and on the same day each week in the volume, numbers and on the dates following:

Date: __March 13__, 2018
Date: _____, 2018
Date: _____, 2018
Date: _____, 2018
Date: _____, 2018
Date: _____, 2018
Date: _____, 2018
Date: _____, 2018
Date: _____, 2018
Date: _____, 2018

Affiant further states that the said Richmond News, Inc., the newspaper in which the notice hereunto attached was published, has complied with the provisions of Section 493.050 revised statutes of Missouri 1978.

Subscribed and sworn to before me this __19th__ day of __March__, 2018.

JoEllen Black
Publisher

Payment received: ___

Witness my hand and official seal:

Jessica Chauntae Johnson
Notary Public, Ray County
My term expires: __03-14-20__

Jessica Chauntaʼe Johnson
Notary Public - Notary Seal
STATE OF MISSOURI
Ray County
My Commission Expires: March 14, 2020
Commission Number: 16606193

---

#6724

Notice of Proposed Acquisition and Change in Control
Justine Hurry of Scottsdale, Arizona, has provided notice to the Federal Deposit Corporation (FDIC) that she intends to acquire control of The Bank of Orrick, Orrick, Missouri. Any person wishing to comment on this application may file his or her comments in writing with the Regional Director of the Federal Deposit Insurance Corporation at its regional office located at 1100 Walnut Street, Suite 2100, Kansas City, Missouri 64106.
The FDIC is currently reviewing the proposal. Comments by interested parties must be received by the Regional Director not later than April 2, 2018. The nonconfidential portions of the application are on file in the regional office and are available for public inspection during regular business hours. Photocopies of the nonconfidential portion of the application file will be made available upon request
Date: March 13, 2018
The Bank of Orrick
Orrick, Missouri
and
Justine Hurry
Scottsdale, Arizona

Published: Richmond News
March 13, 2018