# EXHIBIT I

# W P KLINKHARDT, JR

5205 Golden Gate Drive • Killeen, TX 76549 • philklinkhardt@yahoo.com • 816.718.8971

June 22, 2018

John R. Jilovec
Deputy Regional Director
FDIC
1100 Walnut Street
Suite 2100
Kansas City, Missouri 64106

Mr. Jeff Maassens
Senior Bank Examiner
Missouri Division of Finance
PO Box 716
Jefferson City, Missouri

Dear Ms. Hoskins and Mr. Maassens:

Attached the response to your letter of June1, 2018, relating to the Interagency Notice of Change in Control for Justine Hurry to acquire 63.8% of the common shares of The Bank of Orrick, Orrick, Missouri (Bank). This submission addresses only the first issue:

> **The "transaction activity" and cover letter provided by Mr. Nummi is inadequate to substantiate the source of funds. The "transaction activity" still lacks any personally identifiable information to conclude the funds are, in fact, The Hurry Family Revocable Trust's or Ms. Hurry's. Furthermore, it is unclear what, if any, authority Mr. Nummi has over the referenced account. Please provide adequate proof of available funds that clearly states the account owner. Account verification documentation from the institution (apparently SunTrust) should include personally identifiable information (e.g. The Hurry Family Revocable Trust) to determine the source of funds for the acquisition.**

We are providing additional clarification to our response to your letter of March 23, 2018. In that letter Mr. Nummi, the Hurry Family Revocable Trust's attorney, identified that funds are held for Mrs. Hurry's use. Mr. Nummi identified the IOTA Trust purpose as

> The account referenced in our previous correspondence is a Florida Attorney IOTA Trust Account established at SunTrust pursuant to Rules promulgated by the Florida Bar and the Florida Supreme Court. Under the aforementioned Rules, funds belonging to an Attorney's Client may be placed in a special segregated account subject to audit and oversight by the Florida Bar and/or the Florida Supreme Court. *(See the attached RULES REGULATING TRUST ACCOUNTS below).*
> As Managing Partner, I have sole and exclusive control over said account as Ms. Hurry's Attorney. I hereby certify that my client, Ms. Justine Hurry as Trustee for the Hurry Family Revocable Trust directed the deposit of the funds reflected upon our previously provided account statement into the Nummi & Associates, P.A. Florida Attorney IOTA Trust Account maintained at Suntrust Bank. These funds are appropriately segregated as required under the aforementioned Rules of the Florida Supreme Court and while maintained in a bona-fide Attorney Trust Account pursuant to her instructions, are for all intents and purposes, as our client, under her exclusive direction and control. Should she direct this Firm to transfer the aforementioned reflected balance, we would immediately comply and wire said funds to an account of her choice. Our client, Ms. Hurry, has maintained the amounts reflected in our Trust Account to segregate them from her general commercial banking accounts and for purposes of maintaining ready

funding for ongoing business planning purposes. Under the Rules promulgated by the Florida Bar and the Florida Supreme Court, and under penalties of perjury, I am officially certifying as a member of, and under control and oversight of same, that the funds reflected in the previously provided Nummi & Associates IOTA Trust Account Statement are maintained on behalf of our client Ms. Justine Hurry, they are unencumbered and are immediately available to her for any purpose she so directs. *(See the Certificate of Standing confirming proper accounting of IOTA Trust attached as Exhibit A.1 and an updated SunTrust accounting as of month end, May 2018).*

As the following Florida Rules regulating Trust Accounts identifies the use of an IOTA Trust is acceptable proof of funds available for Mrs. Hurry as Mr. Nummi clearly identified in his earlier response. Once you review the below rules, you should gain a better understanding of our confusion over your insistence that adequate proof of funds and their source have not been met. Notwithstanding your concerns, Mrs. Hurry has the funds and is prepared to purchase the Bank's shares and fund the equity injection once the FDIC approves the Change in Control.

## CHAPTER 5. RULES REGULATING TRUST ACCOUNTS
## 5-1. GENERALLY
## RULE 5-1.1 TRUST ACCOUNTS

**(a) Nature of Money or Property Entrusted to Attorney.**

(1) *Trust Account Required; Commingling Prohibited.* A lawyer shall hold in trust, separate from the lawyer's own property, funds and property of clients or third persons that are in a lawyer's possession in connection with a representation. All funds, including advances for fees, costs, and expenses, shall be kept in a separate bank or savings and loan association account maintained in the state where the lawyer's office is situated or elsewhere with the consent of the client or third person and clearly labeled and designated as a trust account. A lawyer may maintain funds belonging to the lawyer in the trust account in an amount no more than is reasonably sufficient to pay bank charges relating to the trust account.

### Comment

A lawyer must hold property of others with the care required of a professional fiduciary. This chapter requires maintenance of a bank or savings and loan association account, clearly labeled as a trust account and in which only client or third party trust funds are held.

Each lawyer is required to be familiar with and comply with the Rules Regulating Trust Accounts as adopted by the Supreme Court of Florida.

Amended July 20, 1989, effective Oct. 1, 1989 (547 So.2d 117); Oct. 10, 1991, effective Jan. 1, 1992 (587 So.2d 1121); July 23, 1992, effective Jan. 1, 1993 (605 So.2d 252); July 1, 1993 (621 So.2d 1032); July 20, 1995 (658 So.2d 930); April 24, 1997 (692 So.2d 181); June 14, 2001, effective July 14, 2001 (797 So.2d 551); April 25, 2002 (820 So.2d 210); May 20, 2004 (SC03-705) (875 So.2d 448); March 23, 2006, effective May 22, 2006 (SC04-2246), (933 So.2d 417); December 20, 2007, effective March 1, 2008 (SC06-736), (978 So.2d 91); November 19, 2009, effective February 1, 2010 (SC08-1890) (34 Fla.L.Weekly S628a); amended July 7, 2011, effective October 1, 2011 (SC10-1968). Chapter 5     July 1, 2012     Page 6

### RULE 5-1.2 TRUST ACCOUNTING RECORDS AND PROCEDURES

**(a) Applicability.** The provisions of these rules apply to all trust funds received or disbursed by members of The Florida Bar in the course of their professional practice of law as members of The Florida Bar except special trust funds received or disbursed by a lawyer as guardian, personal representative, receiver, or in a similar capacity such as trustee under a specific trust document where the trust funds are maintained in a segregated special trust account and not the general trust account and wherein this special trust position has been created, approved, or sanctioned by law or an order of a court that has authority or duty to issue orders pertaining to maintenance of such

special trust account. These rules shall apply to matters wherein a choice of laws analysis indicates that such matters are governed by the laws of Florida.

As set forth in this rule, "lawyer" denotes a person who is a member of The Florida Bar or otherwise authorized to practice in any court of the state of Florida. "Law firm" denotes a lawyer or lawyers in a private firm who handle client trust funds.     Page 8

### (c) Minimum Trust Accounting Procedures.

(5) The lawyer shall file with The Florida Bar between June 1 and August 15 of each year a trust accounting certificate showing compliance with these rules on a form approved by the board of governors.                                Page 10 *(This is confirmed with the Certificate of Good Standing dated June 20, 2018 attached in Exhibit A.1)*

In addition FDIC guidance on recognition of an owner's revocable trust accounts is met with the designation of "Trust" in the attached SunTrust Statement consistent with the following guidance for opening accounts:

> The account title for each owner's revocable trust accounts at an IDI must indicate that the account is held pursuant to a trust relationship. For formal revocable trust accounts, this rule can be met by using the terms living trust, family trust, or any similar language, including simply having the word "trust" in the account title.     Page 52 of FDIC guidance to FIs on account openings.

Finally, we are attaching email correspondence from Mr. Nummi wherein he transmitted the before mentioned Certificate and SunTrust Statement. These emails once more acknowledge that the funds within the IOTA Trust are Mrs. Hurry's, to be used at her discretion. He identifies how machinations using wire transfers could be accomplished to further prove her use and control of these funds. However, I am confident that you acknowledge that we have justified our position and do not require such a frivolous demonstration to further prove the availability of funds to purchase the shares and fund the equity injection.

With this information, we believe we have clarified the proof of funds questions presented. This leaves only the last question relative to trust documentation and affiliations which will be addressed in a separate communique.

Best regards,

*[signature]*

Phil Klinkhardt

Cc:   Justine Hurry
      David Baris

**From:** Richard Nummi
**To:** Phil Klinkhardt
**Cc:** Justine Hurry ; David H. Baris
**Sent:** Wednesday, June 20, 2018 7:52 AM
**Subject:** Re: Further proof of funds availability

Phil, upon contacting the Bar, they indicate that the annual "Certification" is accomplished electronically when my Bar dues are paid. The successful completion of same is reflected in the issuance of the attached certificate. Also attached is my May Statement, again reflecting the Hurry funds on deposit in the reflected account.

Richard M. Nummi, Esq.
Nummi & Associates, P.A.
213 49th Street N, St. Petersburg, Florida 33703-3925 rnummi@mac.com, Direct 813-727-3673, Facsimile 813-435-2210

*2 attachments below*

**From:** Richard Nummi
**To:** Phil Klinkhardt
**Cc:** Justine Hurry ; David H. Baris
**Sent:** Monday, June 11, 2018 9:41 AM
**Subject:** Re: Further proof of funds availability

Mr. Klinkhardt, based upon your email, do you require the wire instructions for the wires coming into the trust account?
Pursuant to the Florida Bar, the funds are for the exclusive use/benefit of my clients (the Hurrys). SunTrust does NOT maintain any records of whose funds are whose… that would be up to the individual Attorney. The only ironclad method of identification would be the actual Hurry instructions reflecting "wire funds from acct x to Nummi Trust Acct" at which point you would have a statement from the sending institution reflecting x dollars transmitted and a concurrent statement from SunTrust reflecting the same x dollars arriving into the account on the same date of transmission. The SunTrust Statement appropriately reflects Nummi & Associates Trust Account. All funds therein are in fact the Hurrys (as may be illustrated by the mechanics of wire transfer).

Would that be satisfactory?

Richard M. Nummi, Esq.
Nummi & Associates, P.A.
213 49th Street N, St. Petersburg, Florida 33703-3925 rnummi@mac.com, Direct 813-727-3673, Facsimile 813-435-2210

**Exhibit A.1**
*Certificate of Good Standing*
*SunTrust Statement - May 2018*



# The Florida Bar

651 East Jefferson Street
Tallahassee, FL 32399-2300

Joshua E. Doyle
Executive Director

850/561-5600
www.FLORIDABAR.org

State of Florida   )

County of Leon   )

In Re: 0132764
Richard Mark Nummi
Nummi & Associates,
P.A.
Nummi & Associates PA 213 49th Ave N
St Petersburg, FL

33703-3925 I CERTIFY THE FOLLOWING:

I am the custodian of membership records of The Florida Bar.

Membership records of The Florida Bar indicate that The Florida Bar member listed above was admitted to practice law in the state of Florida on **January 29, 1998**.

The Florida Bar member above is an active member in good standing of The Florida Bar who is eligible to practice law in the state of Florida.

Dated this 20th day of June 2018,

Pam Gerard, Manager Membership Records Dept.
The Florida Bar

PG:R10
CTM-15183

SUNTRUST BANK
PO BOX 305183
NASHVILLE TN 37230-5183

Page 1 of 1

05/31/2018

# SunTrust

## Account Statement

NUMMI AND ASSOCIATES AGENT FOR
TRUST ACCOUNT IOTA
213 49TH AVE N
SAINT PETERSBURG FL 33703-3925

Questions? Please call
1-800-786-8787

### Account Summary

| Account Type | Account Number | Statement Period |
|---|---|---|
| INTEREST ON LAWYERS TRUST | | 05/01/2018 - 05/31/2018 |

| Description | Amount | Description | Amount |
|---|---|---|---|
| Beginning Balance | | Average Balance | |
| Deposits/Credits | | Average Collected Balance | |
| Checks | | Number of Days in Statement Period | |
| Withdrawals/Debits | | Annual Percentage Yield Earned | |
| Ending Balance | | Interest Paid Year to Date | |

### Overdraft Protection

Account Number

Protected By
Not enrolled

For more information about SunTrust's Overdraft Services, visit www.suntrust.com/overdraft.

### Deposits/Credits

| Date | Amount | Serial # | Description |
|---|---|---|---|
| 05/31 | | | INTEREST PAID THIS STATEMENT THRU 05/31 |

Deposits/Credits: 1          Total Items Deposited: 0

### Withdrawals/Debits

| Date Paid | Amount | Serial # | Description |
|---|---|---|---|
| 05/01 | | | PREVIOUS MONTH'S IOLTA INTEREST |

Withdrawals/Debits: 1

### Balance Activity History

| Date | Balance | Collected Balance | Date | Balance | Collected Balance |
|---|---|---|---|---|---|
| 05/01 | | | 05/31 | | |

The Ending Daily Balances provided do not reflect pending transactions or holds that may have been outstanding when your transactions posted that day. If your available balance wasn't sufficient when transactions posted, fees may have been assessed.