# EXHIBIT J

# BUCKLEY SANDLER

David Baris
Partner
1250 24th Street NW, Suite 700
Washington, DC 20037
t. 202 349-8004
dbaris@buckleysandler.com

July 2, 2018

Ms. Hilary L. Hoskins
Case Manager
FDIC
1100 Walnut Street, Suite 2100
Kansas City, Missouri 64106

Mr. Jeff Maassens
Senior Bank Examiner
Missouri Division of Finance
PO Box 716
Jefferson City, Missouri 65102

Dear Ms. Hoskins and Mr. Maassen:

This is in further response to your letter of June 1, 2018. Mr. Phillip Klinkhardt also responded by letter dated June 22, 2018 by addressing the source of funds to purchase the stock of The Bank of Orrick.

You wrote as follows:

> **Please provide a comprehensive list of Ms. Hurry's associations and affiliations, as well as the related trust documentation so we can adequately assess Ms. Hurry's business background, activities, and affiliations.**
>
> Affiliate information is an ongoing concern that is reviewed at all bank examinations. Should the Notice be approved, Ms. Hurry will have to routinely provide a list of affiliates to the bank.

You made this same inquiry at least twice before, and Mr. Klinkhardt responded both times.

By letter dated March 9, 2018, Mr. Klinkhardt responded to your letter of January 12, 2018 (see Attachment I for a lengthier portion of the letter):

> **In the previous Notices, Mrs. Hurry listed companies she believed may have been controlled by other irrevocable trusts. However, she is not a trustee of those trusts. She is a beneficiary. The FDIC defines "associated" as "associated as an officer, director, organizer, partner, trustee, or principal shareholder or owner". Ms. Hurry is none of those. Because she is not**

Ms. Hilary L. Hoskins
Mr. Jeff Maassens
July 2, 2018
Page 2

> "associated" with those trusts, as defined by the FDIC's instructions to the IBFR, she has not listed those companies in this filing.
>
> You cite Sections 23A and 23B of the Federal Reserve Act and Regulation O above. However, the trusts in question would not be affiliated under the definition of "affiliate" under the Federal Reserve Act simply by being a beneficiary. The trusts and any companies in which it controls would also not be subject to Regulation O's definition of "related interest." As a beneficiary, Mrs. Hurry would not control the trust or the companies in which it has invested.
>
> The trusts are private to the family and are not related to this application in any way. Control of the Bank will be owned by Justine alone.
>
> Mrs. Hurry has a heightened concern about the FDIC and state maintaining the confidentiality of her submissions. In the past Mrs. Hurry believes that both the Federal Reserve and the FDIC shared private information with others either verbally or in writing without the Hurrys being notified or allowed to object, or approving such disclosures. She expects that litigation of these regulatory actions will be forthcoming.
>
> The plan to encourage deposits from companies known to Mrs. Hurry remains feasible. She also will try to attract deposits from trusts and companies over which she has no control. She will play no decision-making role of any trusts or companies in which she does not serve as a trustee that may have an interest in applying for loans from the Bank or placing deposits at the Bank....

Your office asked the same question by letter of March 23, 2018, and Mr. Klinkhardt responded on March 30, 2018. See Attachment II

On November 14, 2017, Mr. Klinkhardt submitted the IBFR for Ms. Hurry with a comprehensive list of associations and affiliations. On February 22, 2018, Mr. Klinkhardt submitted the revised IBFR for Ms. Hurry with a revised comprehensive list of associations and affiliations which deleted those interests which were only beneficial interests. See Attachment III.

Mr. Klinkhardt also had forwarded the trust agreement for the Hurry Family Revocable Trust, which Ms. Hurry has explained is the only trust that Ms. Hurry controls. It is also the only trust whose assets Ms. Hurry has reflected on her financial statement submitted as part of the IBFR.

As explained by Mr. Klinkhardt in his correspondence, as beneficiary of the irrevocable trusts, Ms. Hurry has no control over those trusts. Her IBFR does not claim any assets in those trusts. The trusts are not affiliates of Ms. Hurry based on her being a beneficiary for purposes of Section 23A and B of the Federal Reserve Act, nor are they related interests of Ms. Hurry under

Ms. Hilary L. Hoskins
Mr. Jeff Maassens
July 2, 2018
Page 3


Regulation O. Mr. Klinkhardt's correspondence details the substantial undertakings that Ms. Hurry will make in order to help assure that the Bank will be in compliance with Sections 23A and B, and Regulation O.

Ms. Hurry disagrees with the FDIC and the State that the trust documentation for the irrevocable trusts is relevant and material to her Notice. Ms. Hurry is also legally unable to provide that trust documentation since it would violate the privacy rights of those involved in the trusts and such persons will not release that documentation.

Ms. Hurry continues to be concerned that she is being discriminated against because she is a woman. Since November of last year, the FDIC and State have made certain assertions and requests that she believes would not have been made had a married male filed a Notice of Change in Bank Control. The repetition of the same question on associations and affiliations, while ignoring the substance of Mr. Klinkhardt's previous letters, also appears to her as evidence that the FDIC and State are looking for an excuse not to accept the Notice and not to make a decision on whether Ms. Hurry is qualified in her own right to own a passive interest in The Bank of Orrick.

In an effort to convince you to accept the Notice and make a decision on the merits, Ms. Hurry is willing to stipulate that you may impose a condition on your non-objection to the Notice that her interest will be passive, that her only role will be that of a shareholder and referring business to The Bank of Orrick, and that any further involvement in the Bank will require the prior approval of the FDIC and the State of Missouri. She will also agree to step down from any role as trustee at the time she consummates the change in control.

Ms. Hurry is also willing to meet with you in person or by conference call to answer any questions you might have about her Notice and IBFR.

Sincerely,

David Baris

Enclosures