# EXHIBIT L

# BUCKLEY SANDLER

**David Baris**
Partner
1250 24th Street NW, Suite 700
Washington, DC 20037
t. 202 349-8004
dbaris@buckleysandler.com

August 8, 2018

Mr. John R. Jilovec
Deputy Regional Director
FDIC
1100 Walnut Street
Suite 2100
Kansas City, Missouri 64106

Dear Mr. Jilovec:

    We write in response to your letter of July 24, 2018 regarding Ms. Justine Hurry's notice of change in control concerning The Bank of Orrick, Orrick, Missouri. In your letter, the FDIC indicates that it is "returning the filing as incomplete because the applicant has not submitted to us the needed information," in reference to documentation concerning certain trusts. As explained in more detail below, Ms. Hurry respectfully requests that the agencies make a final decision on the notice of change of control by August 17, 2018 based on the information previously provided.

    On several occasions in the past, you have requested all trust documents relating to trusts in which Ms. Hurry is solely a beneficiary. This additional documentation is not relevant or required by statute or regulation. Ms. Hurry is a beneficiary of the trusts and is not a trustee. As stated previously, Ms. Hurry does not rely on any beneficial interest in these trusts to support her financial ability to acquire control of the Bank of Orrick. Nor is a beneficial interest otherwise relevant.

    The Change in Bank Control Act authorizes the federal banking agencies to request and obtain only information *relevant* to a determination of the notificant's suitability to control a bank. The statutory factors for determining suitability include competence, experience, integrity, and financial ability. Being a beneficiary to a trust does not bear on any of these factors. The IBFR instructions further support this by requiring disclosure of entities with which the notificant is "associated," which is defined as "associated as an officer, director, organizer, partner, trustee, or principal shareholder or owner." The term "beneficiary" is notably absent from this list. We are also unaware of the federal banking agencies routinely requesting notificants to report beneficial interests in trusts, or to provide documentation of trusts in which the notificant's sole connection is that of beneficiary.

    In addition, it is not within Ms. Hurry's control to provide the documentation regarding the trusts. Ms. Hurry does not control the trusts and she is not authorized to provide documentation regarding the trusts. Furthermore, the privacy interests of those who control the trusts should not be breached in order to provide information that is not relevant to Ms. Hurry's suitability to become a passive investor in the Bank of Orrick.

    Ms. Hurry has done everything required to provide the agencies with all relevant information to make a determination that she is qualified to acquire a controlling interest in the Bank of Orrick. She has met in full all of the informational requirements of 12 USC § 1817(j)(6). She has also appropriately followed the requirements of 12 USC § 1817(j) and 12 CFR § 303.80, *et seq.*, in filing the notice of change of control. Furthermore, both Ms. Hurry and the FDIC have published notice of the filing, and the comment period has closed.

Mr. John R. Jilovec
August 8, 2018
Page 2

The long and unreasonable delays in making a final decision on the notice of control are concerning for many reasons. Under 12 U.S.C. § 1817(j)(1), the FDIC must make a decision within 60 days of receipt of the notice, unless it can meet the standards for extending the period in which to review. Since Ms. Hurry submitted her first notice that you acknowledged you received on November 29, 2017, not once has the FDIC extended the period for review and it has yet to make a final decision nearly nine months later. Instead, the FDIC has asserted repeatedly that the notice was not complete, thereby delaying a decision and circumventing the statutory time requirements in 12 U.S.C. § 1817(j)(1). Indeed, the time for the FDIC to disapprove the notice, if the FDIC was going to do so, passed many months ago due to these delaying tactics.

This impermissible delay has also deprived Ms. Hurry of her statutory right in the Change in Bank Control Act to challenge any denial of the notice. A decision to disapprove a notice is appealable to an administrative judge for an independent review of the facts. If Ms. Hurry is not satisfied with the ultimate decision made by the FDIC following the conclusion of the administrative hearing, she may appeal that decision to a federal appeals court.

Finally, from Ms. Hurry's vantage point, this appears to be an effort by the FDIC to discriminate against her as a woman and to treat her as if she were not independent of her spouse. Section 342 of the Dodd-Frank Act directs the federal banking agencies to take affirmative steps to diversify the banking industry. Preventing a qualified woman from acquiring control of a bank by erecting unjustified barriers does not serve the Congressional intent to increase diversity.

For these reasons, we request that the FDIC make a final decision on the notice by August 17, 2018.[1] In doing so, please consider Ms. Hurry's undertakings summarized in my letter to the FDIC and State of Missouri dated July 2, 2018. These include her offer to meet with you to answer any of your questions. Please also consider trust counsel's letter dated July 27, 2018 relating to the trusts.

Sincerely,

David Baris

cc: Mr. Jeff Maassen, Missouri Division of Finance

---

[1] In making this request, we note that one of the statutory grounds for disapproval is the notificant's failure to furnish all of the required information. 12 U.S.C. § 1817(j)(7)(E). Although our position is that the FDIC has all information necessary to make a decision and we do not believe that disapproval on this ground is permissible or appropriate, Ms. Hurry desires to move the process along even if it means a disapproval potentially followed by an administrative hearing.