**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUSTINE HURRY,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, JOHN R. JILOVEC, and HILARY L. HOSKINS,<br><br>        Defendants. | Case No. 1:18-cv-2435 |

**ANSWER OF FEDERAL DEPOSIT INSURANCE CORPORATION, JOHN R. JILOVEC AND HILARY L. HOSKINS TO JUSTINE HURRY'S COMPLAINT**

The Federal Deposit Insurance Corporation, in its corporate capacity (the "FDIC"), FDIC Deputy Regional Director John R. Jilovec and FDIC Case Manager Hilary L. Hoskins (collectively, the "FDIC Defendants") respectfully submit this Answer to the Complaint filed by Plaintiff Justine Hurry (the "Complaint"):

1. Paragraph 1 contains legal conclusions and otherwise makes characterizations of the lawsuit to which no response is required, but if a response is required, denied.

2. The FDIC Defendants deny the allegations contained in Paragraph 2, except admit that Mrs. Hurry provided a draft, incomplete Notice of Change in Control concerning acquisition of a majority of common shares of the Bank of Orrick, Missouri (the "Bank") dated September 27, 2017, but not received by the FDIC until November 29, 2017.  The FDIC Defendants specifically deny that the Notice, at any point, was substantially complete or provided complete information as required by 12 U.S.C. § 1817(j) and related statutes and regulations.

3. The FDIC Defendants deny the allegations contained in Paragraph 3. The FDIC Defendants further aver that the agency has taken final agency action on the application by letter dated September 19, 2018, and the complaint seeking to compel agency action is moot.

4. The FDIC Defendants deny the allegations contained in Paragraph 4.

5. The FDIC Defendants deny the allegations contained in Paragraph 5, except admit that Plaintiff seeks an order compelling the FDIC to act on the Notice. The FDIC Defendants further aver that the agency has taken final agency action on the application, and the complaint seeking to compel agency action is moot.

6. The FDIC Defendants lack information sufficient to form a belief as to the allegations contained in Paragraph 6.

7. The FDIC Defendants admit the allegations contained in Paragraph 7.

8. The FDIC Defendants admit the allegations contained in Paragraph 8.

9. The FDIC Defendants deny the allegations contained in Paragraph 9, except admit that Mr. Jilovec and Ms. Hoskins are employees of the FDIC, that Mr. Jilovec is a Deputy Regional Director in the FDIC's Kansas City Regional Office, that Ms. Hoskins is a Case Manager in the FDIC's Kansas City Regional Office, and that Mr. Jilovec and Ms. Hoskins have participated in the FDIC's consideration of Mrs. Hurry's incomplete Notice.

10. The FDIC Defendants admit the allegations contained in the first sentence of Paragraph 10. The FDIC Defendants deny the allegations contained in the second sentence of Paragraph 10, as this Court lacks subject matter jurisdiction: the FDIC has taken final agency action on the application, and the complaint seeking to compel agency action is moot.

11. Paragraph 11 purports to quote and paraphrase the contents of 5 U.S.C. §§ 702, 706, to which the FDIC Defendants refer the Court for their contents.

12. The FDIC Defendants deny the allegations contained in Paragraph 12, except admit venue would be proper in this District, if this Court had subject matter jurisdiction.

13. The FDIC Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13.

14. The FDIC Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14.

15. The FDIC Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15.

16. Paragraph 16 purports to paraphrase certain transactional documents related to potential acquisition of the Bank, to which the FDIC Defendants refer the Court for their terms. To the extent a response is required, the FDIC Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16.

17. The FDIC Defendants deny the allegations contained in Paragraph 17.

18. Paragraph 18 purports to quote or paraphrase the contents of 12 U.S.C. § 1817(j)(6), to which the FDIC Defendants refer the Court for its contents.

19. The FDIC Defendants deny the allegations contained in Paragraph 19, except admit that Mrs. Hurry, through her agent Phil Klinkhardt, sent certain correspondence to the FDIC. The FDIC Defendants specifically deny that Mrs. Hurry provided all requisite information or provided a substantially complete Notice at any point.

20. Paragraph 20 purports to characterize the contents of Mrs. Hurry's incomplete Notice of Change of Control and Interagency Biographical and Financial Report, to which the FDIC Defendants refer the Court for their contents. To the extent a further response is required, denied.

21.     Paragraph 21 purports to characterize the contents of Mrs. Hurry's incomplete Notice of Change of Control and Interagency Biographical and Financial Report, to which the FDIC Defendants refer the Court for their contents. To the extent a further response is required, denied.

22.     Paragraph 22 purports to characterize the contents of a December 8, 2017 FDIC letter sent by Richard E. Allen, to which the FDIC Defendants refer the Court for its contents. To the extent a further response is required, denied.

23.     Paragraph 23 purports to characterize the contents of a December 21, 2017 letter sent to the FDIC on Mrs. Hurry's behalf, to which the FDIC Defendants refer the Court for its contents. To the extent a response is required, denied.

24.     Paragraph 24 purports to quote or paraphrase the contents of a January 12, 2018 FDIC letter to Mr. Klinkhardt, to which the FDIC Defendants refer the Court for its contents. To the extent a response is required, denied.

25.     Paragraph 25 purports to characterize the contents of a January 12, 2018 FDIC letter to Mr. Klinkhardt, to which the FDIC Defendants refer the Court for its contents. To the extent a response is required, denied.

26.     Paragraph 26 purports to characterize the contents of a January 12, 2018 FDIC letter to Mr. Klinkhardt and a December 21, 2017 letter sent to the FDIC on Mrs. Hurry's behalf, to which the FDIC Defendants refer the Court for their contents. To the extent a response is required, denied.

27.     The FDIC Defendants deny the allegations contained in Paragraph 27.

28.     The FDIC Defendants deny the allegations contained in Paragraph 28.

29. The FDIC Defendants deny the allegations contained in Paragraph 29, except admit that Mrs. Hurry, through Mr. Klinkhardt, submitted correspondence to the FDIC on or around March 13, 2018.

30. Paragraph 30 purports to characterize the contents of a March 23, 2018 letter from the FDIC, to which the FDIC Defendants refer the Court for its contents. To the extent a response is required, denied.

31. Paragraph 31 purports to characterize the contents of a March 30, 2018 letter from Mr. Klinkhardt, to which the FDIC Defendants refer the Court for its contents. To the extent a response is required, denied.

32. Paragraph 32 purports to characterize the contents of a March 30, 2018 letter from Mr. Klinkhardt, to which the FDIC Defendants refer the Court for its contents. To the extent a response is required, denied.

33. Paragraph 33 purports to characterize the contents of a June 1, 2018 letter from the FDIC, to which the FDIC Defendants refer the Court for its contents. To the extent a response is required, denied.

34. Paragraph 34 purports to characterize the contents of a June 22, 2018 from Mr. Klinkhardt, to which the FDIC Defendants refer the Court for its contents. To the extent a response is required, denied.

35. Paragraph 35 purports to characterize the contents of a June 22, 2018 letter from Mr. Klinkhardt, to which the FDIC Defendants refer the Court for its contents. To the extent a response is required, denied.

36. Paragraph 36 purports to characterize the contents of a July 2, 2018 letter from Mr. Baris, to which the FDIC Defendants refer the Court for its contents. To the extent a response is required, denied.

37. Paragraph 37 purports to characterize the contents of a July 24, 2018 letter from the FDIC, to which the FDIC Defendants refer the Court for its contents. To the extent a response is required, denied.

38. Paragraph 38 purports to characterize the contents of an August 8, 2018 letter from Mr. Baris, to which the FDIC Defendants refer the Court for its contents. To the extent a response is required, denied.

39. Paragraph 39 purports to characterize the contents of a September 10, 2018 letter from Mr. Baris, to which the FDIC Defendants refer the Court for its contents. To the extent a response is required, denied.

40. Paragraph 40 purports to characterize the contents of a September 18, 2018 FDIC letter, to which the FDIC Defendants refer the Court for its contents. To the extent a further response is required, denied.

41. Paragraph 41 purports to paraphrase 12 U.S.C. § 1817(j)(1), to which the FDIC Defendants refer the Court for its terms, but to the extent a response is required, the FDIC denies Mrs. Hurry submitted a substantially complete Notice at any point.

42. Paragraph 42 purports to paraphrase 12 U.S.C. § 1817(j)(1), to which the FDIC Defendants refer the Court for its terms, but to the extent a response is required, the FDIC denies Mrs. Hurry submitted a substantially complete Notice at any point.

43. Paragraph 43 contains legal conclusions to which no response is required, but to the extent a response is required, denied.

44. The FDIC Defendants deny the allegations contained in the first sentence of Paragraph 44, except admit that the FDIC received a draft, incomplete Notice on or about November 29, 2017.  The FDIC Defendants deny the allegations contained in the second and third sentences of Paragraph 44.

45. The FDIC Defendants deny the allegations contained in Paragraph 45.

46. The FDIC Defendants deny the allegations contained in Paragraph 46.

47. The FDIC Defendants deny the allegations contained in Paragraph 47.

48. The FDIC Defendants deny the allegations contained in Paragraph 48.

49. The FDIC Defendants deny the allegations contained in Paragraph 49.

50. The FDIC Defendants deny the allegations contained in Paragraph 50.

51. The FDIC Defendants deny the allegations contained in Paragraph 51.

52. The FDIC Defendants deny the allegations contained in Paragraph 52.  The FDIC's September 19, 2018 Letter constitutes final agency action on the incomplete Notice.

53. Paragraph 53 purports to characterize correspondence sent on behalf of Mrs. Hurry to the FDIC, to which the FDIC Defendants direct the Court to for its contents.  To the extent a further response is required, denied

54. Paragraph 54 purports to characterize correspondence sent on behalf of Mrs. Hurry to the FDIC, to which the FDIC Defendants direct the Court to for its contents.  To the extent a further response is required, denied.

55. The FDIC Defendants deny the allegations contained in Paragraph 55.

56. The FDIC Defendants deny the allegations contained in Paragraph 56.

57. The FDIC Defendants deny the allegations contained in Paragraph 57.

58. The FDIC Defendants deny the allegations contained in Paragraph 58.

59. The FDIC Defendants incorporate by reference their responses to Paragraphs 1 through 58 of the Complaint as if set forth herein.

60. The FDIC Defendants deny the allegations contained in Paragraph 60.

61. The FDIC Defendants deny the allegations contained in Paragraph 61.

62. The FDIC Defendants deny the allegations contained in Paragraph 62.

63. The FDIC Defendants deny the allegations contained in Paragraph 63.

64. The FDIC Defendants deny the allegations contained in Paragraph 64.

65. The FDIC Defendants deny the allegations contained in Paragraph 65.

66. The FDIC Defendants deny the allegations contained in Paragraph 66.

67. The FDIC Defendants deny the allegations contained in Paragraph 67.

68. The FDIC Defendants deny the allegations contained in Paragraph 68.

69. The FDIC Defendants deny the allegations contained in Paragraph 69.

70. Paragraph 70 contains legal conclusions to which no response is required, but if a response is required, denied.

71. The FDIC Defendants deny the allegations contained in Paragraph 71.

The FDIC Defendants state that that Paragraphs (1) through (5) of the "Prayer for Relief" section of the Complaint purport to assert a prayer for relief as to which no response is required. To the extent a response is required, the FDIC Defendants deny that Mrs. Hurry is entitled to any relief.

**DEFENSES**

The FDIC Defendants hereby assert the following defenses, without regard to the burden of proof:

1. There is no live case or controversy and this action is unripe, moot, and without a colorable basis to proceed. The FDIC's September 19, 2018 determination is final agency action on the Notice. Because the FDIC has issued final agency action, this case seeking to compel such action is moot.

2. This Court lacks subject matter jurisdiction, as there is no case or controversy, as the case is moot.

3. Mrs. Hurry lacks standing to bring the Complaint.

4. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

5. The claims are barred by the doctrine of qualified immunity.

6. The FDIC reserves the right to raise any affirmative defenses or defenses not asserted herein which it may become aware of through investigation.

Dated: January 4, 2019

By: /s/ Erik Bond
ERIK BOND, NY Bar Reg. No. 4316030
Counsel, Corporate Litigation Unit
erbond@fdic.gov

Attorneys for the FDIC Defendants
3501 N. Fairfax Drive, D-7026
Arlington, VA 22226
Telephone: (703) 562-6461
Fax: (703) 562-2477

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on January 4, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system.

                              /s/ Erik Bond
                              ERIK BOND, NY Bar Reg. No. 4316030
                              Counsel, FDIC Corporate Litigation Unit