## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUSTINE HURRY,<br><br>           Plaintiff,<br><br>     v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br>JOHN R. JILOVEC, and HILARY L. HOSKINS,<br><br>           Defendants. | No. 1:18-cv-2435 (RDM) |

### STIPULATED PROTECTIVE ORDER

WHEREAS, this Stipulated Protective Order ("Protective Order") is stipulated and agreed to on this 21st day of March, 2019 by and between the undersigned counsel for Plaintiff Justine Hurry ("Hurry") and Defendants the Federal Deposit Insurance Corporation, in its corporate capacity ("FDIC"), John R. Jilovec, FDIC Deputy Regional Director, and Hilary L. Hoskins, FDIC Case Manager (collectively, the "FDIC Defendants"), in the above-captioned action; and

WHEREAS, HURRY and the FDIC Defendants agree that certain documents constituting the Administrative Record in this case contain materials subject to protection from disclosure under, *inter alia*, the bank-examination privilege, deliberative process privilege, and other applicable privileges, and otherwise contain personally identifiable information ("PII") and otherwise sensitive financial information;

NOW THEREFORE, the undersigned parties agree and the Court hereby orders the following:

1.      For purposes of this Protective Order, "Confidential Records" includes the documents set forth on the FDIC's Certified List of Contents of the Administrative Record (ECF No. 11, annexed hereto ("Exhibit A").  Further, Confidential Records shall include any documents identified in any amendments or modifications of Exhibit A, and any such amendment or modification shall be effective, without need for approval by the Court, upon agreement by the parties.

2.      Confidential Records shall be held strictly confidential and may be examined and used only in connection with this litigation and any disputes related thereto.

3.      Subject to the procedures set forth in Paragraph 5, no documents containing, or otherwise disclosing Confidential Records shall be publicly filed with the Court.  Confidential Records shall be submitted to the Court under seal as follows:  (i) the original signed copy of any pleading containing, referring to, or otherwise disclosing Confidential Records, plus a file copy, shall be filed with the Clerk of the Court in the normal manner under the Local Rules of this Court, but the Confidential Records contained, referred to, or otherwise disclosed therein shall be redacted (and bear the stamp "REDACTED") so that such records do not appear in the filed copy of the pleading or filing; and (ii) in accordance with Local Rule 5.1(h), a second copy of the pleading or filing, containing an unredacted version of any Confidential Records shall be filed with the Clerk of the Court in a sealed envelope with the outside marked with the caption of the case, the identity of the submitting party, and the notation "DOCUMENTS SUBJECT TO PROTECTIVE ORDER."

4.      Except as otherwise ordered, the documents designated as Confidential Records shall be maintained in strict confidence by counsel.  Confidential Records shall not be used by counsel or any other person for any purpose other than the litigation of this action.  Subject to the

2

provisions of Paragraph 5 herein, Confidential Records will not be furnished, shown or disclosed to any person except:

    a. designated legal counsel for a party, including in-house and local counsel, and paralegal, secretarial and clerical employees of such designated counsel;

    b. outside experts or consultants retained for the purpose of assisting counsel in this litigation;

    c. the parties to this litigation and their designated employees and/or representative(s) participating in or advising on this litigation; and

    d. any person designated by the Court in the interest of justice, upon such terms as the Court may seem proper.

Nothing herein shall be deemed to restrict any party or their counsel with respect to: (a) their own documents and information, and (b) documents or information obtained from a source or person other than opposing counsel or opposing parties. Counsel are responsible for ensuring that their legal, paralegal, clerical staff, and their experts and/or consultants comply with this Protective Order.

    5.    If any party intends to quote or cite any Confidential Records in court pleadings in a manner that would disclose the information contained therein, the party will provide no less than five (5) days' notice to the other parties. The parties will make a good faith effort to make an accommodation that will enable the citation of record evidence without disclosing information that a party wishes to protect as confidential. If accommodation cannot be made, it is the burden of the party asserting confidentiality to justify filing the confidential information under seal within no later than three (3) days after notification has been provided pursuant to this paragraph. Any such motion to file under seal shall indicate the relevant filing date for the filing at issue, and request expedited consideration by the Court as to whether the information should be redacted. If the party asserting confidentiality fails to move the Court for protection within three (3) days of receiving notice, the filing party may file the noticed Confidential Records without

redaction. If the party asserting confidentiality moves the Court to protect the information, however, the information shall be treated as confidential pending a ruling by the Court, and, in the interim, the filing party shall file a redacted version of the filing pending a ruling by the Court.

6. The inadvertent or unintended disclosure of the Confidential Records shall not be deemed a waiver in whole or in part of the claim of confidentiality for any Confidential Records.

7. The disclosure of any Confidential Records under the terms and conditions of this Protective Order shall not constitute a waiver of any privileges or confidentialities with respect to such Confidential Records.

8. This Protective Order in no way affects or relieves any party of its responsibility to comply with any federal, state, or local law or regulation. Nothing in this Protective Order alters the rights and/or liabilities of the parties with respect to the litigation. The FDIC Defendants are excepted from the Right to Financial Privacy Act and the Privacy Act of 1974 requirements by reason of this Protective Order, 12 U.S.C. § 3413(d), 5 U.S.C. § 552a(b)(11), and 12 C.F.R. § 310.10(b)(11) (2012).

9. Any party offering any of the Confidential Records into evidence in this litigation, or in connection therewith, shall offer only those pages or portions thereof that are relevant and material to the issues in dispute, and shall block out any portion of any page that contains information not relevant and material to such issues. The confidential, sensitive and/or personal information of any person or entity contained on any page of the Confidential Records, to the extent such information is not otherwise relevant and material to the issues in dispute, shall be blocked out prior to the admission of such page into evidence. If there is disagreement between the parties to the litigation regarding what page or portion of any page of the Confidential

Records should be blocked out in the manner described in this paragraph, the Court shall make this determination after an *in camera* review of the Confidential Records in question.

10.     This Protective Order shall survive the termination of the case and is binding on all parties until further order of the Court.

11.     The Court may sanction counsel, their staff, or any person who obtained access to the Confidential Records pursuant to this Protective Order, as appropriate, for violation of this Protective Order.

12.     Counsel may apply to the Court for modification of this Protective Order after reviewing the documents designated as Confidential Records.  If counsel determines that they intend to apply to the Court for modification of the Protective Order, they shall nevertheless continue to abide by the terms of this Protective Order until the Court makes a final ruling on the matter.

        IT IS SO ORDERED.

DATED: Washington, D.C., *March 27, 2019*

HONORABLE RANDOLPH D. MOSS
UNITED STATES DISTRICT JUDGE

Stipulated and agreed to this 21st day of March, 2019.

_/s/_____
Erik Bond, Esq.
FEDERAL DEPOSIT INSURANCE
CORPORATION
3501 N. Fairfax Drive
Room VS-D-7026

5

Arlington, VA 22226
Tel: 703-562-6461
Fax: 703-562-2475
Email: erbond@fdic.gov

*Attorney for the FDIC Defendants*

/s/ _____

Brian Lanciault (admitted *pro hac vice*)
THOMPSON HINE, LLP
335 Madison Avenue, 12th Floor
New York, NY 10017
Tel: 212.344.5680
Fax: 212.344.6101
brian.lanciault@thompsonhine.com

*Counsel for Plaintiff Justine Hurry*