## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUSTINE HURRY,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, JOHN R. JILOVEC, DEPUTY REGIONAL DIRECTOR, and HILARY L. HOSKINS, CASE MANAGER,<br><br>　　　　　　Defendants. | Case No. 18-cv-2435 |

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR MOOTNESS AND FAILURE TO PROSECUTE

Defendants the Federal Deposit Insurance Corporation ("FDIC"), FDIC Deputy Regional Director John R. Jilovec and FDIC Case Manager Hilary L. Hoskins (collectively, the "FDIC Defendants") respectfully request that this Court dismiss the complaint in its entirety as moot under Fed. R. Civ. P. 12(b)(1), and for failure to prosecute under Fed. R. Civ. P. 41(b) and LCvR 83.23.  The FDIC respectfully refers the Court to the accompanying memorandum of points and authorities.

Dated:  July 16, 2019

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　Erik Bond, NY Bar Reg. #4316030
　　　　　　　　　　　　　　　　Counsel, Corporate Litigation Unit
　　　　　　　　　　　　　　　　Federal Deposit Insurance Corporation
　　　　　　　　　　　　　　　　3501 Fairfax Drive
　　　　　　　　　　　　　　　　Arlington, Virginia 22226
　　　　　　　　　　　　　　　　(703) 562-6461 (phone)
　　　　　　　　　　　　　　　　(703) 562-2477 (fax)
　　　　　　　　　　　　　　　　erbond@fdic.gov
　　　　　　　　　　　　　　　　*Attorney for the FDIC Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JUSTINE HURRY,

          Plaintiff,

    v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, JOHN R. JILOVEC, DEPUTY
REGIONAL DIRECTOR, and HILARY L.
HOSKINS, CASE MANAGER,

          Defendants.

Case No. 18-cv-2435

**DEFENDANTS' MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT FOR
MOOTNESS AND FAILURE TO PROSECUTE**

Plaintiff Justine Hurry alleges that defendants Federal Deposit Insurance Corporation ("FDIC"), FDIC Deputy Regional Director John R. Jilovec and FDIC Case Manager Hilary L. Hoskins (collectively, the "FDIC Defendants") unreasonably delayed taking action on Ms. Hurry's Notice of Change in Control ("Notice") concerning her proposed acquisition of a majority of common shares of The Bank of Orrick, Missouri (the "Bank"). The complaint seeks to compel the FDIC to take action on her application or otherwise state "its purported basis for disapproving the transaction." ECF No. 1 at 21.

Ms. Hurry's claims should be dismissed as moot because the FDIC has taken final agency action on the Notice. Ms. Hurry's Notice was never substantially complete because she refused to provide the FDIC with full relevant documentation, including information as to trusts in which she is a beneficiary. The FDIC returned Ms. Hurry's most recent Notice to her on July 24, 2018. On September 19, 2018, the FDIC formally notified Ms. Hurry that:

> Despite multiple requests, Ms. Hurry failed to furnish . . . all information need[ed] to complete review of her competence, experience, integrity, and financial ability pursuant to 12 U.S.C. § 1817(j).  The file has been closed pursuant to 12 C.F.R. 303.11(e), for the subject Notice.

Ex. A, FDICAR0001072.  The September 19, 2018 FDIC letter memorializes final agency action finding the Notice abandoned under 12 C.F.R. § 303.11(e).  Because the FDIC has issued final agency action, this case seeking to compel such action is moot.  Ms. Hurry's complaint must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

Separately, Rule 41(b) and Local Civil Rule 83.23 provide independent grounds to dismiss this action for failure "to prosecute or comply with the Federal Rules or a court order."  Fed. R. Civ. P. 41(b); LCvR 83.23 ("A dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion . . . .").  After the February 4, 2019 initial scheduling conference, the Court entered a scheduling order, setting deadlines for amending the complaint, filing the list of contents of the Administrative Record, and for filing cross motions for summary judgment with a staggered briefing schedule.  At that time, the FDIC understood that Ms. Hurry intended to amend her complaint to seek to set aside the FDIC's final determination under the applicable arbitrary and capricious standard of review.  The FDIC timely filed the list of contents of the Administrative Record on February 22, 2019, and promptly provided Ms. Hurry with the contents of the record.

But Ms. Hurry chose not to seek leave to amend her complaint, much less by the February 18, 2019 deadline to do so.  Ms. Hurry also chose not to make a motion for summary judgment on the Administrative Record, notwithstanding her June 14, 2019 deadline to do so.  Ms. Hurry has not moved, at any point, for an extension showing good cause excusing noncompliance with these court-ordered deadlines.  In light of this, the FDIC is not filing a cross motion for summary judgment, as contemplated by the July 16, 2019 deadline for the

3

FDIC's cross motion in this Court's scheduling order. Instead, this case should be dismissed for mootness and failure to prosecute.

## STATEMENT OF FACTS

### A. Allegations of the Complaint and Procedural Background

This proceeding arises from Ms. Hurry's interest in purchasing the majority of common shares of the Bank, whose primary federal regulator is the FDIC. ECF 1, ¶ 1. Congress directs the FDIC to investigate the "competence, experience, integrity, and financial ability" of each person seeking to acquire control of an FDIC-supervised bank. 12 U.S.C. § 1817(j)(2)(B)(i). For the FDIC to process a notice for change in control, Congress makes clear that applicants must provide the FDIC with documents concerning all "material business activities and affiliations during the past five years," along with a myriad of other information. 12 U.S.C. § 1817(j)(6). In conducting this statutorily required investigation, the FDIC must "make an independent determination of the accuracy and completeness" of this information. 12 U.S.C. § 1817(j)(2)(B)(ii).

Beginning in October 2017, Ms. Hurry, through her representatives, reached out to FDIC supervisory staff about the potential acquisition of the Bank. Continuing until summer 2018, the FDIC attempted to work with Ms. Hurry through an exchange of correspondence, telephone conferences and meetings. The FDIC requested a comprehensive listing of Ms. Hurry's business associations and affiliations to determine ownership/control, and to assess Ms. Hurry's material business background, activities, and affiliations. In particular, the FDIC had requested information regarding trusts of which Ms. Hurry is a beneficiary. Ultimately, despite multiple requests, Ms. Hurry refused to provide the FDIC with complete, relevant documentation.

Because Ms. Hurry did not provide the relevant documentation, the FDIC was unable to conduct an "independent determination of the accuracy and completeness" of her application, and the agency found that her Notice was not substantially complete.  On July 24, 2018, the FDIC returned the incomplete Notice to Ms. Hurry.  On September 19, 2018, the FDIC memorialized its final determination that its file concerning the Notice had been closed under 12 C.F.R. § 303.11(e).

On October 24, 2018, Ms. Hurry filed her complaint here, seeking to compel the FDIC to take action.  Count I seeks a declaration that the FDIC "unreasonably" and "unlawfully" delayed rendering a decision on the Notice; Count II seeks a declaration that the FDIC's failure to disapprove the Notice entitles Ms. Hurry to move forward with her purchase of the Bank; and Count III seeks an injunction compelling the FDIC to act on the Notice, either confirming the transaction may proceed or "stating its purported basis for disapproving the transaction." ECF No. 1 at 21.

## ARGUMENT

## I.     THE FDIC HAS RENDERED FINAL AGENCY ACTION ON THE NOTICE, AS A RESULT, PLAINTIFF'S CLAIMS ARE MOOT.

"Where an agency has clearly communicated it will not reach a determination on a petitioner's submission due to petitioner's recalcitrance but simultaneously refuses to deny the petitioner's submission on those grounds, it has engaged in final agency action subject to this Court's review." *Friedman v. Fed. Aviation Admin.*, 841 F.3d 537, 542-43 (D.C. Cir. 2016).

Because the FDIC has rendered final agency action on the Notice, the complaint seeking to compel agency action is moot, and this Court lacks subject matter jurisdiction.  In general, "a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1981).  Under Article

III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision. *See Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983); *accord Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (holding that in order to assert standing under Article III, a plaintiff must demonstrate that it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"). The dispute between the parties must be alive when the suit is filed, and an actual controversy must continue to exist at all stages of the case. *See id.*; *accord Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974); *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (recognizing that federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them). Here, this case has been moot from its outset, as the FDIC's final agency action issued well before Ms. Hurry filed her complaint on October 24, 2018. The FDIC asserted the complaint was moot in its answer, but understood that Ms. Hurry intended to amend her complaint. ECF No. 6 ¶ 3. She chose not to do so. The FDIC has already fulfilled Ms. Hurry's original complaint's prayer for relief that the FDIC "take action promptly with respect to" the Notice. ECF No. 1, at 21. Her complaint must be dismissed. *See, e.g.*, *Shoreham-Wading River Cent. Sch. Distr. v. U.S. Nuclear Reg. Comm'n*, 931 F.2d 102, 104 (D.C. Cir. 1991) (a claim for unlawful delay of agency action becomes moot once the agency takes the requested action); *Rivera v. Patel*, 2016 WL 6427893, at *5 (N.D. Cal. Oct. 31, 2016) ("Rivera's fourth cause of action is moot. Section 706(1) of the APA authorizes courts to 'compel agency action unlawfully withheld or unreasonably delayed' … However, the DOE has now taken action on Rivera's petition for Secretarial review …. As a result, there is nothing left for the court to 'compel.'").

## II.    IN THE ALTERNATIVE, THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO PROSECUTE.

Ms. Hurry's failure to prosecute this case presents a separate ground for dismissal.  Rule

41(b) permits a court to dismiss an action for failure "to prosecute or to comply with [the Federal

Rules] or a court order." Fed. R. Civ. P. 41(b); *see also* LCvR 83.23 ("A dismissal for failure to

prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's

own motion.").  The D.C. Circuit has explained that "[a] Rule 41(b) dismissal is proper if, in

view of the entire procedural history of the case, the litigant has not manifested reasonable

diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir.

1985); *see also Smith–Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988) ("A lengthy period of

inactivity may also be enough to justify dismissal under Rule 41(b).").[1]

Dismissal is appropriate here.  Ms. Hurry chose not to amend her complaint to challenge

the substance of the agency's final determination, irrespective of the February 2019 deadline to

do so.  Ms. Hurry elected not to move for summary judgment on the Administrative Record,

even with the June 14, 2019 date for such motion on the Court-ordered briefing schedule.  Ms.

Hurry has not shown good cause for missing these key deadlines.  Against this backdrop, in view

---

[1] The D.C. Circuit has further held that the considerations relevant to the determination of a Rule 41(b) motion include: (1) the effect of a plaintiff's conduct on the court's docket, (2) whether the defendant has been prejudiced by the plaintiff's conduct, and (3) whether deterrence "is necessary to protect the integrity of the judicial system." *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990) (citation omitted); *see also Muhammad v. United States*, No. CV 16-1079 (TJK), 2019 WL 652400, at *3 (D.D.C. Feb. 15, 2019).  In this record review case, these considerations weigh in favor of dismissal.  Governmental action is entitled to a presumption of regularity.  By choosing not to move for summary judgment, Ms. Hurry has elected not to seek to overturn the FDIC's final determination, while still burdening this Court's docket and agency resources.  Dismissal would aid in deterring such conduct in the future.

of the entire procedural history of the case, Ms. Hurry has failed to manifest reasonable diligence

in pursuing the cause, and this case should be dismissed under Rule 41(b).

## <u>CONCLUSION</u>

For the foregoing reasons, the complaint should be dismissed in its entirety.

Dated:  July 16, 2019

Respectfully submitted,


_____/s/_____
Erik Bond, NY Bar Reg. #4316030
Counsel, Corporate Litigation Unit
Federal Deposit Insurance Corporation
3501 Fairfax Drive
Arlington, Virginia 22226
(703) 562-6461 (phone)
(703) 562-2477 (fax)
erbond@fdic.gov

*Attorney for the FDIC Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing to be filed with the Court's CM/ECF system on the 16th day of July 2019, thereby causing it to be served on all registered users.

_____/s/_____
Erik Bond