**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JUSTINE HURRY**<br><br>                Plaintiff,<br><br>v.<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION, et al.**<br><br>                Defendants. | C.A. No. 1:18-cv-2435 |

**DECLARATION OF MARANDA E. FRITZ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

I, Maranda E. Fritz, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am member of the Bar of the State of New York and admitted to practice in this Court, *pro hac vice*, pursuant to an order of the Court entered January 11, 2019. I am a Partner with the law firm Thompson Hine LLP, counsel for the Plaintiff Justine Hurry, in the above-captioned matter.

2. I submit this declaration in support of Plaintiff's request for an extension of time to move for summary judgment pursuant to Federal Rule of Civil Procedure 6(b). This is Plaintiff's first request.

3. This Court set an initial briefing schedule on February 4, 2019. Pursuant to that schedule, the Court required the Defendants to provide a table of contents for the Administrative Record by February 22, 2019, required Plaintiff to move for summary judgment by June 14,

2019, required the Defendants to respond and cross-move by July 16, 2019, required Plaintiff's reply and opposition by August 5, 2019, and required a final reply by August 27, 2019.

4. Neither I, nor Plaintiff, understood that the Court's schedule required Plaintiff to file a motion for summary judgment on penalty of dismissal for default.

5. The Defendants filed the table of contents for the Administrative Record on February 22, 2019.

6. The parties thereafter negotiated a protective order and filed a joint stipulation for a protective order on March 21, 2019. Dkt. No. 12. The Court signed the protective order on March 27, 2019 and it was filed on April 1. Dkt. No. 13.

7. Defendants produced to Plaintiff the Administrative Record on April 1, 2019.

8. I, along with Plaintiff, considered the claim raised in this action and the allegations made in the Complaint, as well as the Administrative Record. As a result of this review, Plaintiff concluded that it would not make sense to move for summary judgment.

9. This was based, in part, on the assessment that certain factual issues are presented by the allegations and cannot be resolved as a matter of law. These include, among other things, the content of the information and proposed undertakings Plaintiff offered, the import of information concerning her husband, how the FDIC concluded that such information was pertinent, how such matters related to the criteria for approval of a Notice of Change in Control, whether such matters were discussed internally at the FDIC or externally with Plaintiff or her representatives, and whether Defendant's actions were based on impermissible criteria, would preclude summary judgment. *See* Complaint ¶ 39; *id.* Exh. M.

10. Additionally, as Plaintiff's claim is based on the assertion that the FDIC's delay was unreasonable, that too involves a consideration of the facts and circumstances surrounding the delay that Plaintiff believes is not readily susceptible to resolution on summary judgment.

11. Further, I am not aware of any rule of law or procedure that requires a plaintiff to move for summary judgment. Nor am I aware of any rule that would convert a failure to move into a dismissal.

12. On July 3, 2019, I was contacted by defense counsel, Erik Bond requesting a stipulation of dismissal.

13. I declined to stipulate, noting that Defendants still had an opportunity to move for summary judgment and Plaintiff could oppose. I also set forth Plaintiff's position that she did not believe she could prevail on summary judgment if she moved.

14. Mr. Bond responded that that was not what would happen. He insisted that in cases of this sort, the matter would be resolved on motion papers regardless of whether factual issues existed. He stated that Defendants would not move for summary judgment.

15. He further stated that, because motions would not be filed, Defendants believed the case should be dismissed.

16. I responded that I was not aware of such a rule that required a plaintiff to make a motion, nor did I understand how the failure to make such a motion would warrant dismissal.

17. As a result of this, I determined that it would better serve the interests of Plaintiff to have this case resolved on the merits, rather than on technical grounds. I requested that

Defendants consent to an extension of time for Plaintiff to make a motion for summary judgment. Defendants declined.

18. As a result of this, and at the risk that the case will be dismissed without consideration of the merits, Plaintiff must ask this Court to grant an extension of time to move for summary judgment and to set down a new briefing schedule.

19. I do not believe Defendants will be prejudiced by this request. They would have had to respond to any motion Plaintiff filed, and the only impact of Plaintiff's request is when that response is made. Plaintiff is not seeking to assert any new claims or legal theories not articulated in the Complaint.

20. There are no scheduled hearings or conferences in this case, and the impact of granting the extension will therefore be minimal. Additionally, it will further the strong policy of resolving cases on the merits.

21. Therefore, I respectfully request that this Court deny Defendants' motion to dismiss.

Dated: July 30, 2019
New York, New York

/s/Maranda E. Fritz
Maranda E. Fritz