# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JUSTINE HURRY,

               Plaintiff,

    v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, JOHN R. JILOVEC, DEPUTY
REGIONAL DIRECTOR, and HILARY L.
HOSKINS, CASE MANAGER,

               Defendants.

Case No. 18-cv-2435

## DEFENDANTS' REPLY IN SUPPORT OF
## MOTION TO DISMISS THE COMPLAINT FOR
## MOOTNESS AND FAILURE TO PROSECUTE

Defendants Federal Deposit Insurance Corporation ("FDIC"), FDIC Deputy Regional Director John R. Jilovec, and FDIC Case Manager Hilary L. Hoskins (collectively, "the FDIC Defendants") submit this reply in support of their motion to dismiss for mootness and failure to prosecute.

Counsel for Plaintiff Justine Hurry ("Ms. Hurry") made a number of representations at the February 4, 2019, initial scheduling conference. Counsel stated that Ms. Hurry intended to amend her Complaint by February 18, 2019, in light of the FDIC's final determination.[1] Counsel stated that a staggered briefing schedule made "perfect sense," and chose to move first for

---

[1] Ex. 1, Initial Scheduling Conference Tr. ("Tr.") 3:4-9, Feb. 4, 2019 (**MS. FRITZ:** "[W]e've discussed the position that the FDIC took in the answer with respect to the fact that agency action -- that its abandonment or claim of an abandoned application constituted final agency action. Based on that assertion, we intend to amend our pleadings and would do so by February 18th.")

judgment on the administrative record, with the motion due June 14, 2019.[2]  There appeared to be broad agreement between the parties as to how the case would proceed.[3]

Since the initial scheduling conference, none of this has come to pass.  Ms. Hurry chose not to amend her Complaint, and chose not to file a motion seeking to overturn the FDIC's final determination.  There is no live case or controversy here, and this Court should grant the FDIC Defendants' motion to dismiss for mootness and failure to prosecute.

Ms. Hurry's mistaken position that she did not file a motion for judgment on the administrative record because there were outstanding issues of material fact goes against the plain language of the local rules, which states that the Federal Rules of Procedure 56(c) standard does not apply in cases like this.  This is not a *pro se* case, and, even if it were, mistake of law generally cannot form the basis of excusable neglect.  Ms. Hurry's belated request for an extension of time to file for summary judgment should be denied.

---

[2] Ex. 1, Tr. 4:10-19, **MR. BOND:** We have no objection to seriatim briefs.
**MS. FRITZ:** Yeah, makes perfect sense.
**THE COURT:** Okay. So April 14th, who will file on the 14th, then?
**MR. BOND:** June 14th.
**THE COURT:** I'm sorry, June 14th.
**MR. BOND:** Do you want to go first or last?
**MS. FRITZ:** I'll do the filing on June 14th.
**MR. BOND:** FDIC can respond on July 16th.

[3] Ex. 1, Tr. 7:8-8:1, **MR. BOND:** This is a very straight forward, simple case. Under 12 U.S.C. [§] 1817(b), the FDIC is instructed to evaluate the competence, experience, integrity and financial ability of a potential acquirer of bank stock, you know, conduct an investigation. This case really does turn on the fact that the applicant, Ms. Hurry, apparently owns 46 different businesses through a series of trusts. And the FDIC, in the course of its investigation, demanded those underlying documents to assess the application. They're unwilling to provide it, so there's an impasse. The agency issued final agency action finding that because the trust documentation was not provided, it was abandoned. So this Court will just say whether or not the FDIC acted in an arbitrary and capricious manner in finding the application abandoned based on a failure to provide the information.
**THE COURT:** Ms. Fritz, you're welcome to respond to that if you'd like to.
**MS. FRITZ:** Actually, I don't disagree.

## ARGUMENT

## I.     THE COMPLAINT IS MOOT.

### A.     Ms. Hurry Fails to Identify a Live Issue in the Complaint as Pleaded.

Ms. Hurry brought this Administrative Procedure Act ("APA") lawsuit to compel the FDIC to act on Ms. Hurry's Notice of Change in Control ("Notice") concerning her proposed acquisition of a majority of common shares of The Bank of Orrick, Missouri (the "Bank").  ECF No. 1 at 21.  The Complaint contains a single count pled under 5 U.S.C. § 706(1), addressing the FDIC's alleged "[f]ailure to [t]ake [a]ction in [a]ccordance with [l]aw" with respect to the Notice.  ECF No. 1 at 18.  But even before the Complaint was filed, the FDIC *had taken* final agency action with respect to the Notice, returning it to Ms. Hurry as substantially incomplete, and closing the FDIC's files pursuant to 12 C.F.R. § 303.11(e).  Because there is nothing left for this Court to compel under 5 U.S.C. § 706(1) as pleaded, the entire Complaint should be dismissed as moot.  *See McBryde v. Comm. to Review Circuit Council Conduct*, 264 F.3d 52, 55 (D.C. Cir. 2001) ("If events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot." (citation omitted)).

Against this backdrop, Ms. Hurry incorrectly argues that the Complaint remains live because, in her view, "the FDIC's decision to close the file without approving or disapproving her Notice was not authorized by Section 1817(j)."  ECF No. 15 at 8.  Ms. Hurry confuses two separate provisions of the APA.  Similar to mandamus, 5 U.S.C. § 706(1) empowers courts to compel agency action "unlawfully withheld."  Section 706(2) allows courts to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2).  The sole count of the Complaint arises under 5 U.S.C. § 706(1).  Ms. Hurry never amended her Complaint to seek to set aside the FDIC's final determination under

3

Section 706(2), including review of whether the determination is outside the bounds of 12 U.S.C. § 1817(j). This Court should reject Ms. Hurry's invitation to use § 706(1)'s cudgel to assess, in a vacuum, whether or not the FDIC is "unreasonably and unlawfully withholding appropriate agency action that could then be the subject of [judicial] review." ECF No. 15 at 8. That would result in an advisory opinion, as Ms. Hurry has not challenged the FDIC's final determination, which would still stand, even if the Court issued judgment under § 706(1). The entire Complaint should be dismissed as moot.

Ms. Hurry also argues that the remedies she has requested demonstrate that the Complaint is not moot. ECF No. 15 at 8. She is incorrect. Apart from the injunctive relief discussed above, the Complaint asserts two tag-along declaratory counts seeking:

- A declaration that the FDIC has "unreasonably delayed rendering a decision" concerning the Notice; and

- A declaration that the "FDIC's failure to disapprove the transaction in accordance with its procedures and applicable law enables Plaintiff to proceed with the transaction[.]"

ECF No. 1 at 21. The associated requests for declaratory relief cannot proceed.

First, to maintain an action in federal court, every litigant seeking relief must have a private right of action through which it may obtain relief. A private right of action may be explicitly provided by Congress, *Am. Trucking Ass'n v. Del. River Joint Toll Bridge Comm'n*, 458 F.3d 291, 296 (3d Cir. 2006), or it may be implied by "'affirmative' evidence of congressional intent" to create a private remedy to enforce that right, *Alexander v. Sandoval*, 532 U.S. 275, 293 n.8 (2001). Here, there is no private right of action in the United States District Court under 12 U.S.C. § 1817(j)(1) independent of the APA. Since the § 706(1) claim to compel agency action is moot, there is no hook empowering the Court to issue free-standing declaratory relief.

Second, as mentioned above, the FDIC has issued final agency action concerning the Notice, which the Complaint *does not* seek review of under § 706(2).  In this context, any declaratory relief by this Court would have no practical effect on Ms. Hurry, since the final agency action would still stand.  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (to avoid mootness, "plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" (citation omitted)).

Finally, even if Ms. Hurry were correct that the § 706(1) complaint remains live irrespective of the final agency action (she is not), dismissal for mootness would still be required because there is no longer a case or controversy.  Ms. Hurry elected not to file a motion seeking to set aside the FDIC's final determination, notwithstanding the June 14, 2019 deadline to do so. Because there is no vehicle before the Court to set aside the FDIC's final determination, there is no live case or controversy.  *See DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (recognizing that federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them).  The case should be dismissed for lack of subject matter jurisdiction.

**B.       Ms. Hurry Wrongly Contends the FDIC Seeks to Evade Judicial Review.**

Ms. Hurry goes on to wrongly suggest that the FDIC's mootness arguments should be discarded because they would effectively immunize the agency from judicial review.  ECF No. 15 at 9.  According to Ms. Hurry, because the FDIC's provisions for considering an application abandoned are found in a regulation (12 C.F.R. § 303.11(e)) not subject to the statutory appeal procedures for approval or disapproval (12 U.S.C. § 1817(j)(5)), Ms. Hurry has been deprived of an opportunity for judicial review.  The record in this case, however, shows that it is Ms. Hurry who elected not to move forward with judicial review of the FDIC's final determination.  Ms. Hurry had every opportunity to amend her Complaint to challenge the substance of the FDIC's

final determination under 5 U.S.C. § 706(2).  She chose not to amend her Complaint, and not to file a motion for judgment on the administrative record.

Ms. Hurry relies on *Friedman v. Federal Aviation Administration*, 841 F.3d 537 (D.C. Cir. 2016), but that case does not help her cause.  ECF No. 15 at 11-12.  In *Friedman*, the Federal Aviation Administration ("FAA") declined to issue a formal approval or denial of an airline pilot's request for a first class medical certificate, instead informing the pilot that he needed to supply additional medical information.  841 F.3d at 541.  After the pilot brought suit, the FAA contended that its actions were not subject to APA judicial review, given that it had not issued final agency action.  The D.C. Circuit disagreed, holding that the FAA's action constituted final agency action, as a "constructive denial of Friedman's application."  *Id.* at 541.  As opposed to the FAA in *Friedman*, the FDIC has admitted from the outset that its final determination is subject to review in this Court.  Ms. Hurry simply chose not to seek judicial review, first by failing to amend her Complaint and then by failing to move for summary judgment.

## II.    THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO PROSECUTE.

As set forth in the FDIC's opening brief, Ms. Hurry has failed to manifest reasonable diligence, and this case should be dismissed under Rule 41(b) for failure to prosecute.  ECF No. 14.  Ms. Hurry's suggestion that she "***has*** good cause for not moving for summary judgment" because "some issues of fact would preclude summary judgment in her favor" demonstrates this lack of reasonable diligence.  ECF No. 15 at 14 (citation omitted).  Both the local rules and case law make clear that "[i]n a case involving review of a final agency action" under the APA, "the standard set forth in Rule 56(c)" for summary judgment "does not apply because of the limited role of a court in reviewing the administrative record."  *N.C. Fisheries Ass'n v. Gutierrez*, 518 F. Supp. 2d 62, 79 (D.D.C. 2007) (citation omitted); Rules of the U.S. Dist. Ct. for D.C. at 31, Cmt to LCvR 7(h) (July 15, 2019),

https://www.dcd.uscourts.gov/sites/dcd/files/Local_Rules_July_2019.pdf ("This provision

recognizes that in cases where review is based on an administrative record the Court is not called

upon to determine whether there is a genuine issue of material fact, but rather to test the agency

action against the administrative record.").

Ms. Hurry's conduct has wasted this Court's time and federal resources. She brought this

lawsuit, forcing the agency to compile the record, and then chose not to amend the complaint to

challenge the final agency decision, or move for judgment. Her argument that it is somehow a

"paradox" or otherwise unfair that she "must file a motion for summary judgment, but Defendant

need not" misunderstands the posture of this case. ECF No. 15 at 18 n.6. Governmental action

is afforded the presumption of regularity, and the FDIC's final determination is valid. *Latif v.

Obama*, 677 F.3d 1175, 1180 (D.C. Cir. 2011), reissued (Apr. 27, 2012). Absent challenge, there

is no reason for the FDIC to affirmatively move for judgment on the administrative record.

Dismissal for failure to prosecute could help deter conduct like Ms. Hurry's in the future.

## III.   MS. HURRY DOES NOT SHOW THE EXCUSABLE NEGLECT NECESSARY TO GRANT HER UNTIMELY REQUEST FOR AN EXTENSION OF TIME.

This Court should deny Ms. Hurry's belated request for an extension of time to move for

summary judgment because she has failed to demonstrate the requisite "excusable neglect."

*Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 392 (1993).[4] "The determination

of whether a party's neglect is excusable 'is at bottom an equitable one, taking account of all

---

[4] In *Pioneer*, the Supreme Court announced four factors to be considered in making this determination: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay and whether the delay was within the reasonable control of the moving party; and (4) whether the late party acted in good faith. 507 U.S. at 395 (citation omitted).

relevant circumstances surrounding the party's omission.'"  *Howard v. Gutierrez*, 474 F. Supp.

2d 41, 55 (D.D.C. 2007) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).  But reason for the

delay, or fault, is the "'key factor.'"  *D.A. v. Dist. of Columbia*, No. 07-1084, 2007 WL 4365452,

at *3 (D.D.C. Dec. 6, 2007) (quoting *Wilson v. Prudential Fin.*, 218 F.R.D. 1, 3 (D.D.C. 2003));

*Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 11-12 (D.D.C. 2003) ("The circuit courts

applying *Pioneer* give great weight to the long-standing principle that a mistake of law generally

cannot form the basis of excusable neglect.").

Here, the delay is solely Ms. Hurry's responsibility, whether it was a tactical matter or

based on ignorance of law.  Ms. Hurry failed to amend her Complaint and failed to move for

summary judgment based on a misreading of the case law and plain language of the local rules.

Cmt to LCvR 7(h).  Ms. Hurry compounded these errors by waiting well over a month after the

due date to move for an extension.  Although her brief was due on June 14, 2019, she did not file

a motion for an extension of time until July 30, 2019.

She has failed to demonstrate excusable neglect, and her request for an extension of time

and a new briefing schedule should be denied.  *Webster*, 270 F. Supp. 2d at 14 ("Here, counsel

are clearly at fault for the delay. Given the circumstances of this case, the "fault in delay" factor

substantially outweighs any argument that the other factors favor plaintiffs' position."); *see also*

*In re Vitamins Antitrust Class Actions,* 327 F.3d 1207, 1210 (D.C. Cir. 2003) ("[I]nadvertence,

ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable'

neglect.").

.

## **CONCLUSION**

For the foregoing reasons, and those in the FDIC Defendants' opening brief, the

Complaint should be dismissed in its entirety.

Dated:  August 6, 2019

Respectfully submitted,

_____/s/_____
Erik Bond, NY Bar Reg. #4316030
Counsel, Corporate Litigation Unit
Federal Deposit Insurance Corporation
3501 Fairfax Drive
Arlington, Virginia 22226
(703) 562-6461 (phone)
(703) 562-2477 (fax)
erbond@fdic.gov

*Attorney for the FDIC Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing to be filed with the Court's CM/ECF system on the 6th day of August 2019, thereby causing it to be served on all registered users.

_____/s/_____

Erik Bond
