**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JUSTINE HURRY,

               Plaintiff,

      v.

FEDERAL DEPOSIT INSURANCE
CORPORATION,

            Defendant.

Case No. 18-cv-2435

**FEDERAL DEPOSIT INSURANCE CORPORATION'S
RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

Defendant Federal Deposit Insurance Corporation ("FDIC") hereby responds to plaintiff Justine Hurry's ("Ms. Hurry") "Rule 56.1 Statement of Material Facts Not in Dispute."  ECF 23-2.  Although Ms. Hurry styles her Statement as being made under "Rule 56.1," this Local Rule has been deleted and replaced with LCvR 7(h).  Under LCvR 7(h)(2), the statement of material facts requirement does not apply in cases "in which judicial review is based solely on the administrative record."  Because this lawsuit is solely an APA record review case, no standalone Statement of Material Facts is required; rather "motions for summary judgment and oppositions thereto shall include a statement of facts with references to the administrative record."  LCvR 7(h)(2); Cmt. to LCvR 7(h) (noting "in cases where review is based on an administrative record the Court is not called upon to determine whether there is a genuine issue of material fact, but rather to test the agency action against the administrative record").

Further, Ms. Hurry's Statement attaches 14 un-Bates stamped evidentiary exhibits, which are not properly before the Court.  This is a record review case, and judicial review is confined to the Administrative Record.  *See Water Quality Ins. Syndicate v. United States*, 225 F. Supp. 3d

41, 64 (D.D.C. 2016) ("Judicial review is limited to the administrative record, since it is black-letter administrative law that in an [Administrative Procedure Act] case, a reviewing court should have before it neither more nor less information than did the agency when it made its decision."). The FDIC objects to any judicial consideration of Ms. Hurry's extra-record materials for merits purposes.  The evidentiary exhibits Ms. Hurry attaches, however, appear to be versions of documents already in the Administrative Record.  Following the close of briefing, the FDIC will attempt to work with Ms. Hurry to submit an appendix of Administrative Record materials pursuant to LCvR 7(n).  In its response to Ms. Hurry's Statement below, the FDIC attempts to list corresponding Bates ranges to the Administrative Record for the exhibit cited.

1.      The FDIC disputes that Ms. Hurry submitted a "Notice of Change in Control," as her filings were never substantially complete.

2.      The FDIC disputes that Ms. Hurry's submissions provided all of the information called for by the CBCA.  Exhibit A to Ms. Hurry's Statement appears to be a version of FDICAR000005-FDICAR000010.  Exhibit B to Ms. Hurry's Statement appears to be a version of FDICAR0000100-FDICAR0000113.

3.      The allegations in Paragraph 3 are undisputed, except the FDIC disputes Ms. Hurry's characterization that she supplied the agency with a "detailed financial statement," given she refused to allow the FDIC to review financial documents the agency said it needed.

4.      The FDIC disputes Ms. Hurry's characterization of the issues raised in Paragraph 4, and refers the Court to the Administrative Record for the document summarized.  Exhibit C to Ms. Hurry's Statement appears to be a version of FDICAR000381-FDICAR000679, but is missing exhibits.

5.      The FDIC disputes Ms. Hurry's characterization of the issues raised in Paragraph 5, particularly the suggestion that her filing was substantially complete.

6.      The FDIC disputes the content of Paragraph 6.

7.      The FDIC disputes the content of Paragraph 7, particularly in that it suggests that a sixty-day approval or disapproval period applied to Ms. Hurry's incomplete submission.

8.      The FDIC disputes the content of Paragraph 8, particularly in that it suggests that a sixty-day approval or disapproval period applied to Ms. Hurry's incomplete submission.

9.      The FDIC disputes Ms. Hurry's characterization of the issues raised in Paragraph 9, and refers the Court to the Administrative Record for the document summarized.  Exhibit D to Ms. Hurry's Statement appears to be a version of FDICAR000680-FDIC000686.

10.     The FDIC disputes Ms. Hurry's characterization regarding "redundancies" contained in Paragraph 10.  Exhibit E to Ms. Hurry's Statement appears to be an incomplete version of FDICAR000801-FDICAR000807, bearing a different signature date, among other discrepancies.

11.     The allegations contained in Paragraph 11 are undisputed.  Exhibit F to Ms. Hurry's Statement appears to be a version of FDICAR000973-FDICAR000974.

12.     The FDIC disputes Ms. Hurry's characterization of correspondence contained in Paragraph 12.  Exhibit G to Ms. Hurry's Statement appears to be a version of FDICAR000975-FDIC000983.

13.     The FDIC disputes Ms. Hurry's characterization of correspondence contained in Paragraph 13.

14.      The FDIC disputes Ms. Hurry's characterization of correspondence contained in Paragraph 14.  Exhibit H to Ms. Hurry's Statement appears to be a version of FDIC000988-FDICAR000989.

15.      The FDIC disputes Ms. Hurry's characterization of correspondence contained in Paragraph 15.  Exhibit I to Ms. Hurry's Statement appears to be a version of FDICAR000990-FDICAR000996.

16.      The FDIC disputes Ms. Hurry's characterization of correspondence contained in Paragraph 16.

17.      The FDIC disputes Ms. Hurry's characterization of correspondence contained in Paragraph 17.  Exhibit J to Ms. Hurry's Statement appears to be a version of FDICAR000997-FDICAR001050, although Ms. Hurry's exhibit omits the letter's enclosures.

18.      The allegations in Paragraph 18 are undisputed.  Exhibit J to Ms. Hurry's Statement appears to be a version of FDICAR001051.

19.      The FDIC disputes Ms. Hurry's characterization of correspondence contained in Paragraph 19.  Exhibit L to Ms. Hurry's Statement appears to be a version of FDICAR001052-FDICAR001053; the Administrative Record's version lists an August 9, 2018 date.

20.      The FDIC disputes Ms. Hurry's characterization of correspondence contained in Paragraph 20.  Exhibit M to Ms. Hurry's Statement appears to be a version of FDICAR001070-FDICAR001071.

21.      The FDIC disputes Ms. Hurry's characterization of correspondence contained in Paragraph 21, although does not dispute that the September 19, 2018 letter stated that Ms. Hurry's file had been closed as incomplete pursuant to 12 C.F.R. § 303.11(e).  Exhibit N to Ms. Hurry's Statement appears to be a version of FDICAR0001072.

Dated:  October 6, 2020                Respectfully submitted,

FEDERAL DEPOSIT INSURANCE CORPORATION
  Barbara Katron (DC Bar #387970)

_____/s/_____
Erik Bond (NY Bar Reg. #4316030)
Counsel, Corporate Litigation Unit

Tel.: (703) 562-6461
Fax: (703) 562-2477
Email: erbond@fdic.gov

3501 Fairfax Drive, D-7026
Arlington, Virginia 22226

*Attorneys for Defendant*